### In re MASON & OWEN.

### KIER v. BURCH.

(Circuit Court of Appeals, Ninth Circuit. November 20, 1922.)

#### No. 3913.

Bankruptcy ⬯140(3)—Claimant held entitled to reclaim stock pledged without authority by bankrupts.

Claimant, owner of certain shares of stock, delivered it to bankrupts, as brokers, to be sent to their New York correspondent and there held subject to his orders. He also gave bankrupts written authority to pledge or sell any stocks deposited by him to secure his account, if at any time the account should become impaired, so as, in their judgment, to be unsafe; but he had no account or other transactions with them. Bankrupts pledged claimant's stock with others to secure their own indebtedness to their New York correspondent, but the indebtedness was paid from sale of other stocks, leaving claimant's free and with no other claim-

ant. *Held,* that the authority to pledge given was not unlimited and did not authorize the pledge made and that claimant was entitled to reclaim his stock.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

In the matter of C. F. Mason and William McD. Owen, partners trading as Mason & Owen, bankrupts. From an order for delivery of certain stock to Joseph F. Burch, Jr., George F. Kier, trustee, appeals. Affirmed.

See, also, 282 Fed. 202.

Will J. Thayer, of San Diego, Cal., for appellant.

Patterson Sprigg, of San Diego, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Appeal by the trustee of the bankrupts from an order of the District Court directing delivery of certain stock to the appellee, Burch.

In November, 1920, Burch, appellee, owner of 300 shares of Ray Consolidated Copper Company stock, delivered them to Mason & Owen, stockbrokers, at San Diego, with instructions to forward the stock to Logan & Bryan, New York correspondents of Mason & Owen, and to take written receipt from Logan & Bryan that they received the stock to be held "subject to the order and directions" of Burch. Mason & Owen gave Burch a written receipt, and Burch then gave Mason and Owen a written paper consenting to these things: That securities carried in his account or deposited to protect the same might be loaned or pledged by Mason & Owen, separately or together with other securities belonging to others, for the sum due thereon, or for a greater sum; that such securities could be transferred to the account of Mason & Owen on the books of the corporation, and might be sold either in whole or in part, without notice to Burch, at any time when, in their judgment, the margin of protection in his account should become impaired to a point where Mason & Owen might deem it unsafe to carry it longer, such sale to be made at public or private sale, the proceeds to be placed to the credit of Burch as an offset against the debit on his account. The writing also advised Mason & Owen that they would not be required to return to Burch the identical bonds or securities deposited, "it being understood that bonds or securities of like kind can be returned to me."

To secure their general indebtedness, which was very large, Mason & Owen pledged the Burch stock, together with numbers of other stocks, to Logan & Bryan. In December, 1920, Mason & Owen were adjudged bankrupts, and upon a sale by order of court the claim of Logan & Bryan was liquidated. The stock involved, together with other securities, was unsold, and is now in possession of Logan & Bryan, who, however, make no claim to its title. It is stipulated that Burch never had any dealing with Mason & Owen, except the transaction already referred to, and that the stock was delivered to Mason &

Owen, to be sent to Logan & Bryan, "to be held subject to the order of said Burch, and not otherwise."

Appellant contends that the written authority to pledge the Burch stock was unconditional, and that Burch cannot recover the stock without paying or offering to pay the indebtedness for which it was pledged. But as we read the agreement it was not unconditional. It contemplated marginal trading, and did not give to Mason & Owen the right to loan or pledge or sell unless, in their judgment, the margin of protection in the Burch account was impaired to a point where the brokers deemed it unsafe to carry it any longer; and Burch, having paid for the shares here involved, and having had no other dealings with Mason & Owen, can recover the identical shares now in his name, but in possession of Logan & Bryan, though not claimed by them, or any one except Burch.

The rule of law by which securities held by brokers as collateral to customers' accounts may, where customers are not indebted to the brokers, be recovered by the customer from the trustee in bankruptcy of the estate of the broker, was recognized by us in the case of Kier v. Steer, 282 Fed. 202, which arose out of matters connected with the bankruptcy of Mason & Owen. The authorities in support of the superior equities of one in a position such as Burch occupies herein were there cited, and we think it is unnecessary to restate them.

The decree is affirmed.